```
IN THE UNITED STATES DISTRICT COURT

    FOR THE DISTRICT OF ARIZONA
```

| | |
|---|---|
| GLEN WILSON,                      )<br>                                   )<br>        Defendant/Movant,          )<br>                                   )<br>     v.                            )<br>                                   )<br>UNITED STATES OF AMERICA           )<br>                                   )<br>        Plaintiff/Respondent      )<br>_____ ) | CR  05-0657 PCT JAT<br>CIV 06-2376 PCT JAT (MEA)<br><br>REPORT AND RECOMMENDATION |

**TO THE HONORABLE JAMES A. TEILBORG:**

Mr. Glen Wilson ("Movant") is in the custody of the United States Penitentiary in Florence, Colorado. Movant filed a *pro se* Motion to Vacate, Set Aside or Correct Sentence, pursuant to 28 U.S.C. § 2255, regarding a criminal conviction and sentence entered on October 6, 2006, by the United States District Court for the District of Arizona. See Docket No. 52. Respondent filed a Response to Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255 on January 30, 2006. See Docket No. 57.

**I   Procedural History**

In July of 2005, an indictment was issued charging Movant, a Native American, with one count of arson of an occupied home on the Navajo Indian Reservation. See Docket No. 9. On November 29, 2005, pursuant to a written plea agreement, Movant pled guilty to a violation of 18 U.S.C. §§ 1153 and 81,

i.e., arson. See Docket No. 28.

The plea agreement provides:

> The defendant waives any and all motions, defenses, probable cause determinations, and objections which the defendant could assert to the indictment or information or to the Court's entry of judgment against the defendant and imposition of sentence upon the defendant, providing the sentence is consistent with this agreement. The defendant further waives: (1) any right to appeal the Court's entry of judgment against the defendant; (2) any right to appeal the imposition of sentence upon defendant under Title 18, United States Code, Section 3742 (sentence appeals); and (3) any right to collaterally attack defendant's conviction and sentence under Title 28, United States Code, Section 2255, or any other collateral attack. The defendant acknowledges that this wavier shell result in the dismissal of any appeal or collateral attack the defendant might file challenging his conviction or sentence in this case.

Docket No. 44 at 3-4; Response (Docket No. 57), Attach. B.

The plea agreement also states the maximum statutory sentence faced by Movant upon conviction was life in prison. Docket No. 44 at 2. It further states: "The United States and the defendant stipulate that the following is an appropriate disposition of this case: **Defendant shall be sentenced to no more than 72 months in the Bureau of Prisons**." Id. (emphasis in original). The plea agreement also specifies:

> Assuming the defendant makes full and complete disclosure to the Probation Department of the circumstances surrounding the defendant's commission of the offense and, if the defendant demonstrates an acceptance of responsibility for this offense up to and including the time of sentencing, the United States will recommend a three-point reduction in the applicable sentence guideline offense level, pursuant to Section 3E1.1 of the Guidelines.

-2-

Id. at 3. Additionally, the plea agreement provides:

> I have [] been advised by my attorney of the nature and range of the possible sentence and that my ultimate sentence will be determined after consideration of the advisory Sentencing Guidelines. **I understand that the Guideline Range referred to herein or discussed with my attorney is not binding on the court and is merely an estimate.**

Id. at 6.

A Presentence Investigation Report ("PSR") was filed by a United States Probation Officer on April 3, 2006. The PSR indicated that, pursuant to the United States Sentencing Guidelines ("U.S.S.G.") §2K1.4(a)(1)(B), the base offense level for a violation of 18 U.S.C. §§ 1153 and 81 is 24. The officer recommended a two-level increase in the base offense level pursuant to U.S.S.G. §3A1.1(b)(1), because of the vulnerability of the children at the home when the arson occurred, i.e., six children age 6 to 12 who had been left at the home alone overnight by their mothers. The PSR also recommended a total three-level adjustment in the base offense level for Movant's acceptance of responsibility for his crime and for pleading guilty prior to trial, pursuant to U.S.S.G. §§3E1.1(a) and 3E1.1(b). The resulting offense level stated in the PSR was 23.

With regard to Movant's criminal history category, the PSR noted Movant's nine adult criminal convictions by various courts, resulting in a criminal history category of II. However, the PSR also recommended the Court reject the plea agreement and sentence Movant to a term of 87 months in prison:

> [This r]equires rejection of the plea agreement and an upward adjustment to a Criminal History Category III, pursuant to §4A1.3, Inadequacy of Criminal History, and

>  a two-level upward departure pursuant to §5K2.5, Property Damage or Loss, to a Total Offense Level 25, for a guideline imprisonment range of 70 to 87 months.

The PSR noted Movant's arrest on 34 separate dates prior to the act of conviction, including charges of battery, criminal damage, threatening, and unlawful flight from law enforcement. The PSR noted that, absent the recommended adjustments based on the inadequacy of the criminal history classification and the nature of the offense, a base offense level of 23 combined with a criminal history category of II would result in a U.S.S.G. range of 51 to 63 months incarceration.

Movant, through counsel, filed objections to the Pre-sentence Investigative Report on April 15, 2006. See Docket No. 37. Movant also filed a sentencing memorandum under seal on April 20, 2006. See Docket No. 41 (Sealed). On April 26, 2006, Movant was sentenced to a term of 72 months imprisonment followed by five years of supervised release. See Docket No. 43. At the time of sentencing, the Court stated:

> Defendant's Sentencing Memorandum and Objections to Pre-sentence report [37] are argued to the Court. Pursuant to 4A1.3, Inadequacy of Criminal History, the Court upward departs from Criminal History II to III, resulting in an advisory guideline range of 57 to 71 months. Under 18 USC § 3553(a), the Court sentences the defendant outside and above the advisory range, to 72 months, based on nature and circumstances of the offense and history and characteristics of the defendant.

Docket No. 42.

On June 28, 2006, after a hearing, Movant was also ordered to pay $40,000 in restitution. See Docket No. 51;

-4-

Response, Attach. A.

Movant filed his section 2255 petition on or about October 3, 2006. Movant asserts he is entitled to relief from his conviction and sentence because his counsel was constitutionally ineffective. Specifically, Movant contends counsel erred by advising him to enter into a plea agreement "under a sentencing penalty that does not apply to [movant]..." Docket No. 52 at 5.[1]  Movant contends he did not receive "any benefit" from entering into the plea agreement. Id., Attach. Movant asserts "Pursuant to defense counsels ineffective representation the plea agreement [] is unconstitutional" and Movant seeks to withdraw from the plea agreement. Id. at 5. Movant states he did not take a direct appeal of his conviction and sentence because the "time had passed for filing notice of intent as required by the federal rules of appellate procedure." Docket No. 52 at 4.

## II Analysis

**A. Respondent contends the section 2255 motion must be denied because Movant waived his right to appeal or collaterally attack his conviction and sentence.**

The plea agreement signed by Movant expressly waived his right to raise on appeal or collaterally attack any matter pertaining to Movant's conviction and sentence if the sentence

---

[1] Movant asserts that "even though his level went from a level 28, to a level 25, pursuant to the acceptance of responsibility after a 3-point level decrease, that he really never received the true 3-point decrease because even at the level 25, from a level 28, the court still sentenced [Movant], to the same 72-months at level 25, that he would have received at level 28, so in essence [Movant] never received a lesser sentence as a result of his plea of guilty." Docket No. 52, Attach. at 11. Movant argues he should have been sentenced to a term of from 51 to 63 months imprisonment. Id., Attach. at 11.

-5-

imposed was consistent with the written terms of the agreement. See Docket No. 44 at 3-4.

The sentence imposed on Movant was consistent with the terms of the plea agreement, i.e., Movant received a sentence of 72 months imprisonment, the maximum sentence specified in the plea agreement. Because the sentence imposed was in accordance with the plea agreement, the plea agreement is valid. Therefore, Movant is bound by his waiver of his right to collaterally attack his conviction and sentence, pursuant to the agreement. Because Movant legitimately waived his right to bring this action challenging his sentence, the section 2255 motion may be summarily denied. See Mabry v. Johnson, 467 U.S. 504, 508-09, 104 S. Ct. 2543, 2546-47 (1984) ("It is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked."); United States v. Jeronimo, 398 F.3d 1149, 1157 (9th Cir. 2005) (reaching this conclusion in the context of a direct appeal wherein the defendant waived his right to directly appeal or collaterally attack his conviction and sentence in a plea agreement); United States v. Bolinger, 940 F.2d 478, 480-81 (9th Cir. 1991). See also Williams v. United States, 396 F.3d 1340, 1342 (11th Cir. 2005).[2]

---

[2] In Williams, the Eleventh Circuit concluded:
[E]very Circuit to have addressed the issue has held that a valid sentence-appeal waiver, entered into voluntarily and knowingly, pursuant to a plea agreement, precludes the defendant from attempting to attack, in a collateral proceeding, the sentence through a claim of ineffective assistance of counsel during sentencing. See United States v. White, 307 F.3d 336, 341-44 (5th Cir. 2002); Garcia-Santos v. United States, 273 F.3d 506, 508-09 (2d Cir. 2001); Davila v. United States, 258 F.3d 448, 451-52

However, a plea agreement which waives the defendant's right to collaterally attack their sentence is not enforceable if the waiver was involuntary. See, e.g., Jeronimo, 398 F.3d at 1156 (concluding the court did not have jurisdiction to consider the appeal of a defendant who had waived this right in a plea agreement because the agreement was knowing and voluntary on its face, stating: "A defendant's waiver of his appellate rights is enforceable if (1) the language of the waiver encompasses his right to appeal on the grounds raised, and (2) the waiver is knowingly and voluntarily made"); United States v. White, 307 F.3d 336, 343 (5th Cir. 2002). Additionally, a collateral attack alleging ineffective assistance of counsel in negotiating a plea agreement may be brought notwithstanding a waiver of this right in the agreement, but only if the agreement was involuntary or unknowing, or if the court relied on an impermissible factor such as race, or where the agreement is otherwise unlawful. See United States v. Cockerham, 237 F.3d 1179, 1182 (10th Cir. 2001); Bridgeman v. United States, 229 F.3d 589, 591 (7th Cir. 2000).

Movant does not contend he involuntarily or unknowingly entered into the plea agreement. Neither does Movant assert that, absent his counsel's advice, he would not have pled guilty and would have proceeded to trial. Movant alleges only that the

---

(6th Cir. 2001).... We are persuaded by the foregoing consistent line of authority from our sister Circuits on this issue, particularly since a contrary result would permit a defendant to circumvent the terms of the sentence-appeal waiver simply by recasting a challenge to his sentence as a claim of ineffective assistance, thus rendering the waiver meaningless.
396 F.3d at 1342.

-7-

plea agreement provided no concrete benefit and that his counsel was ineffective for advising him to enter into the plea agreement when it did not guarantee a lesser sentence.

Additionally, Movant offers no evidence indicating he did not understand or agree to the plea agreement. Movant was questioned by the District Court regarding the factual basis for his plea and the Court did not indicate Movant had any difficulty understanding its questions. See Docket No. 30. At the time he entered his guilty plea, Movant indicated he understood his options and the sentencing ranges applicable with and without the plea agreement. See id. Movant told the Court he had read the plea agreement. Id. Movant indicated he understood the plea agreement and understood the rights he was waiving by signing the plea agreement.

Movant's contemporaneous statements regarding his understanding of the plea agreement carry substantial weight in determining if his entry of a guilty plea was knowing and voluntary. See United States v. Mims, 928 F.2d 310, 313 (9th Cir. 1991) (reaching this holding in a section 2255 case); United States v. Walker, 160 F.3d 1078, 1096 (6th Cir. 1998) (holding, in a section 2255 case, that "a straightforward and simple 'Yes, your Honor' is sufficient to bind a defendant to [the] consequences [of a plea agreement]."). Because he was adequately informed of the consequences of his plea, Movant's guilty plea can be considered voluntary and knowing. See Boykin v. Alabama, 395 U.S. 238, 242-43, 89 S. Ct. 1709, 1712 (1969). Movant stated at the time of his guilty plea that the plea was knowing and voluntary. The Court concludes Movant's guilty plea

was voluntary and made intelligently. See Chizen v. Hunter, 809 F.2d 560, 562 (9th Cir. 1986); United States v. Kamer, 781 F.2d 1380, 1383 (9th Cir. 1986). See also United States v. Rubalcaba, 811 F.2d 491, 494 (9th Cir. 1987) ("Solemn declarations in open court carry a strong presumption of verity").

In his response to the government's answer to his section 2255 petition, Movant asserts he never waived his right to bring an ineffective assistance of counsel claim in a collateral action. Docket No. 58 at 3-4. However, Movant does not assert in this pleading that his entry into the plea agreement was not knowing and voluntary, but instead he asserts the plea agreement was unconstitutional and that his counsel "deceived him." Id. at 4-5. Movant contends that, had his counsel properly advised him, "the outcome of the sentence would have been different–51 to 63 months, instead of 72-months." Id. at 5.

Because Movant does not produce any evidence indicating he did not knowingly and voluntarily enter into the agreement, the Court concludes the plea agreement was valid, as was Movant's voluntary waiver of his right to collaterally attack his sentence. Accordingly, the section 2255 petition should be denied and dismissed. Compare United States v. Pruitt, 32 F.3d 431, 433 (9th Cir. 1994) ("we doubt that a plea agreement could waive a claim of ineffective of assistance of counsel based on counsel's erroneously unprofessional inducement of the defendant to plead guilty or accept a particular plea bargain.").

Regarding the merits of his claim, Movant contends his counsel was ineffective because counsel advised him to enter into a plea agreement which, Movant asserts, did not appreciably reduce Movant's sentence.

> The Sixth Amendment guarantees criminal defendants the right to effective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).... To prevail on a claim of ineffective assistance of counsel, petitioner must show 1) his attorney's performance was unreasonable under prevailing professional standards; and 2) there is a reasonable probability that but for counsel's unprofessional errors, the results would have been different.

United States v. Span, 75 F.3d 1383, 1386-87 (9th Cir. 1996).

Ineffective assistance of counsel claims in the context of cases wherein the defendant did not go to trial are also governed by the doctrine of Strickland. See, e.g., Hill v. Lockhart, 474 U.S. 52, 57, 106 S. Ct. 366, 369 (1985); Fields v. Attorney General, 956 F.2d 1290, 1296-97 (4th Cir. 1992). When a defendant challenges a conviction or sentence resulting from a plea agreement the "prejudice" prong of the Strickland test is modified; the defendant must show there is a reasonable probability that, but for counsel's alleged errors, he would not have pled guilty to the charges against him, but instead would have insisted on going to trial. See Hill, 474 U.S. at 59, 106 S. Ct. at 370. Accord Fields, 956 F.2d at 1297; Craker v. McCotter, 805 F.2d 538, 542 (5th Cir. 1986).

Movant must overcome a strong presumption that his counsel's representation was within a wide range of reasonable professional assistance. See United States v. Molina, 934 F.2d

1440, 1447 (9th Cir. 1991). Additionally, Movant bears the burden of providing sufficient evidence from which the Court can conclude his counsel was ineffective. See Turner v. Calderon, 281 F.3d 851, 878 (9th Cir. 2002).

> [A] defendant has the right to make a reasonably informed decision whether to accept a plea offer. In McMann v. Richardson, the seminal decision on ineffectiveness of counsel in plea situations, the Court described the question as not whether "counsel's advice [was] right or wrong, but ... whether that advice was within the range of competence demanded of attorneys in criminal cases." McMann, 397 U.S. at 771, 90 S. Ct. 1441. Thus, for [the petitioner] to establish a claim of ineffective assistance, he "must demonstrate gross error on the part of counsel...." Id. at 772, 90 S. Ct. 1441. The Third Circuit has interpreted this standard as requiring a defendant to demonstrate that the advice he received was so incorrect and so insufficient that it undermined his ability to make an intelligent decision about whether to accept the plea offer.

Turner v. Calderon, 281 F.3d 851, 880 (9th Cir. 2002) (some internal citations and quotations omitted).

Movant has not established his counsel's advice, as to the consequences of the plea, was not within the range of competence demanded of criminal attorneys. Movant's final offense level was calculated as 23, after the Court applied a three-point reduction for acceptance of responsibility and pleading guilty. Had Movant's final offense level been calculated as 24 (absent the one-point reduction for pleading guilty prior to trial), combined with a criminal history category of III, that applied by the sentencing court pursuant to U.S.S.G. §4A1.3, the advisory sentencing range would have

been 63 to 78 months of incarceration. Accordingly, had Movant proceeded to trial rather than accept the plea agreement as counseled, Movant faced a Sentencing Guidelines range of 63 to 78 months imprisonment.[3] The plea agreement negotiated by Movant's counsel resulted in a 72-month cap of the potential prison sentence, a lesser term of imprisonment than the maximum faced by Movant if he went to trial on the charge of setting fire to an occupied residence.

Therefore, Movant is not entitled to federal habeas relief on the claim that he was not provided the effective assistance of counsel guaranteed by the Sixth Amendment. Movant has not established that his counsel's performance was deficient, nor has Movant established that, absent his counsel's advice, he would have proceeded to trial.

**III Conclusion**

The plea agreement in which Movant waived his right to collaterally attack his sentence was valid because Movant was sentenced to the term specified in the written agreement and Movant does not assert his entry into the agreement was involuntary or unknowing. Additionally, Movant's claim that he was denied his right to the effective assistance of counsel may be denied on the merits. Movant has not met his burden of establishing that, absent his counsel's advice, Movant would

---

[3] Movant argued for a downward departure from the applicable sentencing guidelines range due to problems in his childhood, mental disabilities, and his addiction to methamphetamine and alcohol. See Docket No. 37 (Sealed) and Docket No. 41 (Sealed). Movant's counsel averred Movant would properly be classified in a Criminal History category II. See Docket No. 37.

have continued to trial on the charges against him. Movant has not established his counsel's advice as to the consequences of the plea was not within the range of competence demanded of criminal attorneys. Therefore, Movant was not deprived of the effective assistance of counsel.

**IT IS THEREFORE RECOMMENDED** that Mr. Wilson's motion for relief from his convictions and sentences pursuant to section 2255 be **denied and dismissed with prejudice**.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have ten (10) days within which to file a response to the objections. Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right

to appellate review of the findings of fact and conclusions of law in an order or judgment entered pursuant to the recommendation of the Magistrate Judge.

DATED this 17th day of April, 2007.

_____
Mark E. Aspey
United States Magistrate Judge

-14-