**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Glen Wilson,<br><br>        Defendant/Movant,<br><br>vs.<br><br>United States of America,<br><br>        Plaintiff/Respondent. | No.  CR 05-0657-PCT-JAT (MEA)<br>        CV 06-2376-PCT-JAT<br><br>**ORDER** |

On October 6, 2006, Mr. Glen Wilson ("Movant") filed a pro se Motion to Vacate, Set Aside or Correct Sentence, pursuant to 28 U.S.C. § 2255 (Doc. # 52). On April 17, 2007, Magistrate Judge Aspey issued a Report and Recommendation ("R&R"), recommending that Movant's petition for relief from his sentence be denied and dismissed with prejudice (Doc. # 59). Movant filed no objections to the R&R, but has requested the Court's permission to add a new claim to his § 2255 petition (Doc. # 60).

**I.    BACKGROUND**

In July of 2005, Movant was charged with one count of arson of an occupied home on the Navajo Reservation (Doc. # 9). Pursuant to a plea agreement, Movant pled guilty to a violation of 18 U.S.C. §§ 1153 and 81 (Doc. # 28). The plea agreement stipulated that the Movant would be sentenced to no more than 72 months in the Bureau of Prisons. See Doc.

1  # 44, p. 2. On April 24, 2006, Movant was sentenced to a term of 72 months of
2  imprisonment to be followed by five years of supervised release (Doc. # 43).

## II. MAGISTRATE'S REVIEW & RECOMMENDATION

### A. STANDARD OF REVIEW

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." See 28 U.S.C. § 636(b)(1) (2005). It is "clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise." United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc); Schmidt v. Johnstone, 263 F.Supp2d 1219, 1126 (D.Ariz. 2003) ("Following Reyna-Tapia, this Court concludes that de novo review of factual and legal issues is required if objections are made, 'but not otherwise.'"). District courts are not required to conduct "any review at all . . . of any issue that is not the subject of an objection." Thomas v. Arn, 474 U.S. 140, 149 (1985); see also 28 U.S.C. § 636(b)(1) ("the court shall make a de novo determination of those portions of the [report and recommendation] to which objection is made.").

### B. DISCUSSION

Petitioner did not file objections to the Magistrate Judge's R&R. In the R&R, Magistrate Judge Aspey recommends that the Movant's § 2255 petition be denied because Movant waived his right to collaterally attack his sentence and has not established an ineffective assistance of counsel claim. This Court agrees that when Movant signed his plea agreement he expressly waived his right to collaterally attack his sentence. See Doc. # 44, p. 3. Additionally, Movant failed to establish that his counsel's performance was unreasonable under prevailing professional standards. See e.g., Strickland v. Washington, 466 U.S. 668 (1984). During Movant's sentencing, when asked if he was satisfied with his lawyer and legal representation, Movant responded affirmatively. Accordingly, the Magistrate Judge's R&R will be adopted and the Movant's motion for relief from his convictions and sentences pursuant to 28 U.S.C. § 2255 will be denied.

1  **III.    AMENDED 28 U.S.C. § 2255 CLAIM**
2      **A.    STANDARD OF REVIEW**

3     Movant has filed a motion for leave to amend his § 2255 petition as well as an
4 amended § 2255 petition (Doc. # 60). He claims that the District Court erred when it applied
5 the preponderance of the evidence standard, rather than the beyond a reasonable doubt
6 standard for a U.S.S.G. § 3A1.1 sentence enhancement. This is the first time this claim has
7 been presented.

8     Pursuant to 28 U.S.C. § 2242, a habeas petition may be amended "as provided in the
9 rules of procedure applicable to civil actions." Rule 15(a) allows a party to amend his
10 complaint by leave of the court, and such leave "shall be freely given when justice so
11 requires." Fed. R. Civ. P. 15(a). However, the Ninth Circuit has found that a district court
12 was correct in denying leave to amend a habeas petition where allowing amendments would
13 be futile because the amendments were late, duplicative, or patently frivolous. Bonin v.
14 Calderon, 59 F.3d 815, 846 (9th Cir. 1995). Movant's motion to amend was filed within one
15 year of the Court's amended judgment and is therefore timely under 28 U.S.C. § 2255's
16 statute of limitations. Additionally, the proposed amendment raised a new legal issue; thus,
17 it is not duplicative or patently frivolous. As a result, the Court will grant the Movant leave
18 to amend and examine the merits of his new claim.

19     **B.    DISCUSSION**

20     Movant claims that the Court erred when it applied a preponderance of the evidence
21 standard rather than a beyond a reasonable doubt standard for a U.S.S.G § 3A1.1 sentence
22 enhancement. He acknowledge that by signing his plea agreement, he waived his right to
23 raise on appeal or collaterally attack any matter pertaining to his conviction and sentence, if
24 the sentence imposed was consistent with the written terms in the agreement. See Doc. # 60,
25 p. 3. Movant argues however, that applying a preponderance of the evidence standard to §
26 3A1.1's factual determination is inconsistent with his plea agreement and thus the Court
27 should vacate his sentence.

28

1    In his amended petition, Movant has incorrectly assumed that the Court applied a § 3A1.1 sentencing enchantment. Although the Presentence Investigation Report recommended a two-level increase in the base offense level pursuant to § 3A1.1, this Court only accepted the probation officer's calculation of the offense level as appropriate. The Court did not apply the sentencing enhancement. In the Court's determination to sentence the Movant to the 72 month cap in the plea agreement, the Court considered the applicable sentencing guidelines and 18 U.S.C. § 3553 factors including, the protection of the public, the seriousness of the crime, and the criminal history of the Movant. Therefore, a § 3A1.1 factual determination was unnecessary. Movant's plea agreement explicitly states that his sentence shall be no more than 72 months in the Bureau of Prisons. See Doc. # 44, p. 2. Movant's plea agreement also states, "[D]efendant understands . . . that the Sentencing Guidelines are only advisory, and that after considering the Sentencing Guidelines, the Court may be free to exercise its discretion to impose any reasonable sentence up to the maximum set by statute for the crimes of conviction." See Doc. # 44, p. 1. The Court sentenced Movant to 72 months, which is consistent with the sentencing stipulations of his plea agreement. Movant has not asserted that his entry into the plea agreement was involuntary or unknowing (See Doc. #59). Thus, Movant had notice of and expressly agreed to a plea agreement that allowed the Court to sentence him up to a maximum of 72 months. As a result, the Court will not grant movant relief from his sentence on this new theory.

    Additionally, through his plea agreement Movant waived his right to appeal or collaterally attack his sentence. Again, because Movant knowingly and voluntarily entered his plea, and waived his right to collaterally attack this sentence which is within the range of the plea agreement, the Court will deny this collateral attack for this alternative procedural reason.

    Thus, while the Court will grant Movant's motion for leave to amend his § 2255 petition, the Court will deny Movant's amended petition for relief from his sentence (Doc. # 60) for the reasons discussed above.

## IV. CONCLUSION

Based on the foregoing,

**IT IS ORDERED** that the Magistrate's R&R (Doc. # 59) is **ACCEPTED and ADOPTED**.

**IT IS FURTHER ORDERED** that Movant's Motion to Amend (Doc. #60) is granted; the Court has considered the amended claim, as discussed above, and relief on that alternative basis is denied.

**IT IS FURTHER ORDERED** that Movant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Doc. #52) (as amended) is **DENIED** and **DISMISSED WITH PREJUDICE**.

DATED this 2nd day of August, 2007.

*James A. Teilborg*
United States District Judge